| | | |
|---|---|---|
| ROBERT DRAYTON BOWEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 1:26-CV-210-TAV-MJD |
| | ) | |
| WESTON WAMP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a former prisoner at the Hamilton County Jail, filed a pro se civil rights action under 42 U.S.C. § 1983 [Doc. 1] and motion for leave to proceed *in forma pauperis* [Doc. 4].  For the reasons set forth below, the Court will **GRANT** Plaintiff's motion [Doc. 4] and **DISMISS** the complaint for failure to state a claim.

## I.      MOTION TO PROCEED *IN FORMA PAUPERIS*

Under 28 U.S.C. § 1915, the Court may generally "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Although the relevant statute specifically references the "assets such ***prisoner*** possesses," the Sixth Circuit has construed the statute to extend to non-prisoners who apply to proceed *in forma pauperis*.  *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds as stated in Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999).  When assessing

whether to permit an individual to proceed without paying the filing fee, the Court is not concerned with whether the applicant is destitute, but rather, "whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). The Court considers all the resources potentially available to the applicant, including those of a spouse or other family members. *See Ciavarella v. Comm'r of Soc. Sec.*, No. 5:13-CV-2031, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013) (citation omitted).

It appears from the documentation provided that Plaintiff cannot bear the filing fee without undue hardship. Accordingly, the Court **GRANTS** Plaintiff's motion [Doc. 4] to proceed as a pauper.

## II. SCREENING OF COMPLAINT

### A. Standard

Because Plaintiff is proceeding *in forma pauperis*, this Court must screen the complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) ("Because Hill's lawsuit seeks redress from governmental officers, and because Hill proceeded *in forma pauperis*, the district court screened Hill's complaint as required by 28 U.S.C. §§ 1915A and 1915(e)(2)(B)).").

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B)] because the

relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill*, 630 F.3d at 470–71. Thus, to survive an initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## B. Plaintiff's Allegations

While Plaintiff was housed at the Hamilton County Jail, he "entered issues on the kiosk system" on several occasions [Doc. 1, p. 4]. On "two separate occasions, Plaintiff Bowen waited about a month, each, to have a toilet that would flush, the heat was not working," condensation formed on all surfaces, there were roaches and black mold, and there was no water pressure [*Id.*].

Aggrieved, Plaintiff filed this lawsuit against Hamilton County Mayor Weston Wamp, County Commissioner Chairpersons Ken Smith and Lee Helton, Sheriff Austin Garrett, and Deputy Chief of Corrections Timothy A Davis in their official capacities as parties "indirectly responsible[,]" and against Maintenance Supervisor John Doe #2 individually, as he is allegedly "responsible for the maintenance of the county jail" [*Id.* at 2–4].

3

### C. Analysis

#### 1. Official Capacity Claims

Defendants are all employed by Hamilton County. Therefore, suit against any individual Defendant in his or her official capacity is the equivalent of suit against Hamilton County itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). But to sustain an official capacity claim against any defendant, Plaintiff must allege facts indicating that a policy or custom of Hamilton County caused him constitutional injury. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs"). The allegations of Plaintiff's complaint do not permit the plausible inference that a Hamilton County policy or custom deprived him of a protected right. Accordingly, all official-capacity claims against defendants will be **DISMISSED**.

#### 2. Individual-Capacity Claims

Plaintiff claims that Defendant John Doe #2 is individually liable in this action, because he was responsible for maintaining the Hamilton County Jail [*See* Doc. 1, p. 4]. To sustain a claim against this defendant, Plaintiff must adequately plead that John Doe #2's own actions violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege

4

that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted). Plaintiff fails to do so.

The first obstacle to Plaintiff's pursuit of relief against this defendant is that his identity is unknown. While it is permissible for Plaintiff to file a complaint naming an unknown party, the mere filing of a complaint does not commence a civil action against that unidentified party. *See Smith v. City of Chattanooga*, No. 1:08-CV-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) ("A civil action cannot be commenced against a fictitious party such as an unknown John Doe." (citing *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968))). Instead, "until an amendment adding additional defendants has been permitted by the court," allegations against an unknown defendant "are merely 'surplusage[.]'" *Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 n. 1 (W.D. Ky. 1984) (citing *Hannah v. Majors*, 35 F.R.D. 179, 180 (W.D. Mo. 1964)). Accordingly, even if the Court were to find Plaintiff's claims colorable, the case could not proceed against this defendant until/unless his identity is known.

But it is unnecessary to permit Plaintiff an opportunity to amend his complaint to include John Doe #2's identity, because the complaint otherwise fails to state a claim. Plaintiff's complaints about the conditions in the Hamilton County Jail "are highly fact-specific[.]" *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017). Such claims are analyzed as follows:

> [A] conditions-of-confinement claim has two elements. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. Second, the prison official's state of mind [must be] one of deliberate indifference to inmate health or safety.

*Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006) (internal citations and quotation marks omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  As to the first element, it is well-established that "the Constitution does not mandate comfortable prisons."  *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).  Rather, only "extreme deprivations" that deny a prisoner "the minimal civilized measure of life's necessities" will establish a cognizable conditions-of-confinement claim.  *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (citations and internal quotation marks omitted).  And regarding the second element, a defendant demonstrates deliberate indifference to a pretrial detainee[1] by acting "deliberately" and "recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'"  *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021) (citation omitted).

First, Plaintiff complains that he twice had to wait about a month "to have a toilet that would flush" [Doc. 1, p. 4].  It appears that Plaintiff is alleging that the toilet in his cell, rather than all the toilets in the Jail, periodically would not flush.  But Plaintiff does not allege any facts that would allow the Court to presume that this condition constituted an extreme deprivation.  For instance, Plaintiff does not disclose how long he was confined to his cell each day, nor does he allege that he had no alternative access to other toilets.  In fact, Plaintiff does not allege that he (or any other inmate) was forced to use the allegedly inoperable toilet and was exposed to human waste.

---

[1]  Although Plaintiff does not disclose his custodial status in his complaint, the Court presumes that he was a pretrial detainee at all relevant times and thus subject to the less demanding test of the Fourteenth Amendment.  *Morgan ex. rel Morgan v. Wayne Cnty.*, 33 F.4th 320, 326 (6th Cir. 2022) (noting the Eighth Amendment standard is "more demanding").

Even so, the Sixth Circuit has recognized that the Constitution does not require immediate access to a toilet or flushable toilets in prison. *See, e.g., Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (holding a prisoner's claims alleging that he was deprived of a lower bunk, subjected to a flooded cell, and deprived of a working toilet amounted to "only temporary inconveniences and did not demonstrate that [his] conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency" (citing *Rhodes*, 452 U.S. at 347)); *Knop v. Johnson*, 977 F.2d 996, 1013 (6th Cir. 1992) ("We do not agree that it violates the Eighth Amendment to require prisoners to use nonflushable toilets on occasion."); *Abdur-Reheem-X v. McGinnis*, No. 99-1075, 1999 WL 1045069, at *1 (6th Cir. Nov. 12, 1999) (holding "the Eighth Amendment does not require that prisoners enjoy immediately available and flushable toilets"), *see also Teague v. Cnty. of Mahoning*, No. 4:23-CV-1856, 2024 WL 310098, at *4 (N.D. Ohio Jan. 26, 2024) ("Plaintiff has . . . failed to allege facts demonstrating that temporary placement as a detainee in a cell with a 'non-working' toilet is an extreme deprivation of a basic necessity and a violation of the Constitution.").

Moreover, Plaintiff has not alleged any facts indicating that he was physically harmed by any possible exposure to human waste to render his allegedly non-flushable toilet sufficiently, objectively serious to implicate the Constitution. *See Keel v. Davidson Cnty. Sheriff's Office*, No. 3:13-1145, 2015 WL 799724, at *3 (M.D. Tenn. Feb. 25, 2015) (granting summary judgment to defendants where inmate complained of sewage leak for three weeks before word order was placed but alleged no physical harm, as "[m]ultiple courts have found that exposure to leaking sewage in a prison cell with no accompanying

7

physical harm is insufficient to satisfy the objective component of a constitutional violation").

Second, Plaintiff complains that "the heat was not working" [Doc. 1, p. 4]. Exposure to extreme temperatures may be a constitutional violation. *See Wilson v. Seiter*, 501 U.S. 294, 304 (1991). But cold conditions alone are typically insufficient to meet this standard, particularly where the cold is not extreme in temperature or duration. *See, e.g., Wells v. Jefferson Cnty. Sheriff Dep't*, 35 F. App'x. 142, 143 (6th Cir. 2002) (finding inmate's six-day stay in cold cell sleeping on a mattress on the floor is not a constitutional violation); *Chilton v. Walters*, No. 3:21-CV-1312, 2022 WL 541193, at *3 (N.D. Ohio Feb. 23, 2022) (citing federal cases holding that "being subject to cold temperatures for a relatively short duration" is not an extreme deprivation implicating the Eighth Amendment). And here, Plaintiff does not provide any facts that would indicate that the lack of heat rendered the cold severe, that it persisted for a prolonged period, or that he did not have any alternative means of warmth.

Third, Plaintiff complains that condensation formed in the Jail [Doc. 1, p. 4]. But he alleges no facts that would permit the Court to infer that this condition posed an extreme deprivation that violated his constitutional rights.

Fourth, Plaintiff complains that there was "no water pressure" [Doc. 1, p. 4]. Plaintiff does not disclose whether this was an occasional problem or a constant one. And he does not allege that he did not have access to water at all. Accordingly, this allegation does not permit the Court to infer a plausible constitutional violation. *See, e.g., Powell v.*

*Washington*, 720 F. App'x 222, 228 (6th Cir. 2017) (finding temporary disruption to access to water was not an "extreme deprivation").

Fifth, Plaintiff complains there were roaches at the Jail [Doc. 1, p. 4]. But the mere presence of roaches does constitute an extreme deprivation for purposes of a constitutional analysis. *See, e.g., Alexander v. Edwards*, No. 2:25-CV-1168, 2026 WL 352851, at *10 (S.D. Ohio Feb. 9, 2026), *rep. and rec. adopted*, No. 2:25-CV-1168, 2026 WL 754058 (S.D. Ohio Mar. 17, 2026) (finding detainee's complaint of jail's "rodent and insect problem" failed to allege "the type of extreme deprivations necessary to state a plausible § 1983 claim no matter how liberally construed" (collecting cases)).

Finally, Plaintiff maintains there was "black mold" at the Jail [Doc. 1, p. 4]. But Plaintiff has not alleged that he suffered any ill health effects as a result of his exposure to the mold, and the mere presence of non-airborne mold is not a sufficiently serious condition to invoke constitutional protections. *See, e.g., Rogers v. Maclaren*, No. 1:20-CV-263, 2020 WL 3481541, at *8 (W.D. Mich. June 26, 2020) (holding presence of black mold on shower floor failed to state Eighth Amendment claim absent allegations that the mold created health problems or created a substantial risk to health).

Thus, all of Plaintiff's conditions-of-confinement claims are properly resolved on the first element. That is, the Court finds that Plaintiff has not plausibly alleged that any of the complained-of conditions were, by their nature and duration, "punishment" or "objectively, sufficiently serious" in the constitutional sense. *Bell*, 441 U.S at 535; *Spencer*, 449 F.3d at 728. As such, this action will be **DISMISSED**.

9

### III. CONCLUSION

For the reasons set forth above:

1.  Plaintiff's motion to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2.  Even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

3.  Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B); and

4.  The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

AN APPROPRIATE JUDGMENT ORDER WILL ENTER.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
